# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Frederick Banks,** | ) | **CASE NO. 4:20 CV 1769** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Core Civic, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondents. | ) | |

### Introduction

This is another frivolous action filed by *pro se* petitioner Frederick Banks, an inmate in the Northeast Ohio Correctional Complex in Youngstown, Ohio, and a frequent and frivolous filer in this district and others.

### Discussion

Although he has been declared a frivolous filer subject to the three-strikes provision of 28 U.S.C. § 1915(g) on numerous occasions and is barred from filing any further civil actions in federal court without prepayment of fees, Banks now attempts to utilize 28 U.S.C. § 2241 to circumvent application of § 1915(g), which does not apply to *habeas corpus* petitions. In this action, Banks has filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming as follows: (1) Respondents failed to provide "two milks daily to stave off * * 8 dehydration headaches"; (2) Respondents removed discovery from his mail and failed to

provide him a kosher diet; and (3) Respondents "arrested and housed minorities * * * at more than nineteen times the rate of whites * * *." (Doc. No. 1 at page ID ## 7, 8.) Banks seeks, among other relief, discharge from custody and an order that two milks a day be provided.

A writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Petitioner is not entitled to relief under 28 U.S.C. §2241. *Habeas corpus* is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241, however, is not available to review questions unrelated to the

cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action and cannot be brought in a habeas petition.

Here, Petitioner does not challenge the fact or the duration of his confinement, nor does he challenge the manner in which his sentence is served. Rather, he is challenging general conditions of confinement. Banks, therefore, does not raise a cognizable claim for relief under 28 U.S.C. § 2241. Moreover, Banks's Petition, in reality, is merely another attempt to file a frivolous civil action in federal court without prepayment of fees, from which he has been repeatedly barred.

## Conclusion

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/7/20